**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| RAPHAEL R. HASPILAIRE | : | |
| Petitioner | : | |
| v | : | Civil Action No. WDQ-05-1777 |
| ALBERTO R. GONZALES | : | |
| Respondent | : | |

o0o

## MEMORANDUM

The above-captioned petition for writ of habeas corpus was filed on June 30, 2005 pursuant to 28 U.S.C. § 2241. Petitioner challenges his continued confinement in the Worcester County Detention Center pending his deportation from this country based on an order of removal. Paper No. 1. Pursuant to this Court's Order to Show Cause, Respondent has filed an Answer to the Petition.[1] Paper No. 3. Petitioner has filed a Reply to the Answer. Paper No. 5. Upon review of the papers filed, this Court finds that a hearing in this matter is unnecessary. Local Rule 105.6 (D. Md. 2004).

Petitioner is a citizen of Haiti who came to the United States as a non-immigrant visitor on July 18, 1985, with authorization to remain in this country for six months. Petitioner, however, remained in this country beyond the period of time authorized by his visa. On November 7, 1996, Petitioner was convicted in the Supreme Court of New York of attempted sale of cocaine. In addition, Petitioner was convicted of theft of services in the Criminal Court of the City of New York on October 31, 2003, and January 16, 2004. On September 17, 2004,

---

[1] Respondent has included in his answer a motion to substitute Ira Schockley, the warden of Worcester County Detention Center, as respondent, in lieu of United States Attorney General Alberto R. Gonzales. Paper No. 3 at p. 3. That motion will be granted by separate order. *See Rumsfeld v. Padilla*, 542 U.S. 426, ___, 124 S. Ct. 2711, 2717 (2004) (proper respondent in habeas corpus is the person who has physical custody of the petitioner).

Petitioner was served with a Notice to Appear, charging him as an alien removable from the United States based on his felony convictions and the fact that he had remained in this country longer than authorized.[2]  Paper No. 3 at Ex. A.  On December 16, 2004, Petitioner was ordered removed to Haiti by an immigration judge in New York City.  *Id*. at Ex. B.  The removal order was not appealed and Petitioner was taken into custody on September 14, 2004, by the Immigration Customs Enforcement (ICE) office in New York.  He was subsequently transferred to Maryland on January 27, 2005.

Although a completed travel document request was submitted on March 1, 2005, in an effort to arrange for Petitioner's return to Haiti, no final travel arrangements have been made.  Paper No. 3 at Ex. C.  An interview with the Haitian Foreign Ministry scheduled for the week of July 25, 2005, was canceled by the Haitian government on July 19, 2005.  *Id*.  Respondent alleges that the interview will be rescheduled and that Petitioner's repatriation will be arranged shortly thereafter.  *Id*.  Respondent further provides that ICE has been successful in returning aliens to Haiti in the past, citing the return of 1,020 aliens in fiscal year 2003; 762 aliens in fiscal year 2004; and 772 aliens during the current fiscal year.  *Id*.  Petitioner asserts that there is no evidence that his removal from this country will take place in the foreseeable future and urges this Court to order his release from detention pending his removal.  Paper No. 5.  The sole issue to be determined in this case is whether Petitioner's continued detention remains reasonable under the circumstances.

The decision in *Zadvydas v. Davis*, 533 U.S. 678 (2001) governs the issue of whether an alien's detention pending removal is constitutional.  In *Zadvydas*, the Supreme Court held that

---

[2]  *See* 8 U.S.C. § 237(a).

post-removal order detention under 8 U.S.C. § 1231(a) is implicitly limited to a period reasonably necessary to bring about the alien's removal from the United States and does not permit indefinite detention.  In sum, the Supreme Court found that after an order of deportation became final, an alien may be held for a six month period.  After this period:

> "[o]nce the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior post-removal confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink.  This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future."

*Zadvydas*, 533 U.S. at 700. Petitioner in the instant case has been detained longer than six months and contends that Respondent has not established that his removal from this country is likely to occur in the reasonable foreseeable future.   Paper No. 4.  Although no travel documents have been issued to permit Petitioner's return to Haiti, Respondent asserts that efforts to obtain travel documents are ongoing and that there is no indication, based on past success in returning aliens to Haiti, that Petitioner will not be permitted to return to Haiti.  Paper No. 3 at Ex. C, p. 2. Petitioner points to no insurmountable hurdle that would prevent his return to Haiti, but states that the process of attempting to obtain cooperation from the Haitian government has been frustrating and disorganized.  Paper No. 5.  There is no allegation by Petitioner that he is not a citizen of Haiti, nor does he allege other reasons which may prevent his return, such as the lack of a repatriation agreement between the United States and Haiti.

The burden of proving that removal is not likely to occur in the reasonably foreseeable

future is Petitioner's.  Upon a showing that removal is not likely to occur, Respondent must produce evidence to rebut that showing.  *Zadvydas*, 533 U.S. at 701 ("once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing.").  Petitioner has failed to provide evidence that his removal is unlikely to occur in the foreseeable future, and accordingly the Petition will be denied at this time.  In light of the fact that final travel arrangements have not been made to accomplish Petitioner's repatriation, however, Respondent will be required to file a status report within 60 days of the date of this decision regarding whether travel documents have been obtained and, if not, the cause for the delay.  Accordingly, the Petition for Writ of Habeas Corpus will be dismissed without prejudice[3] by separate order which follows.


August 30, 2005                                     _____/s/_____
Date                                                         William D. Quarles, Jr.
                                                             United States District Judge

---

[3] Depending upon the information contained in the status report, Petitioner may again choose to seek habeas corpus relief in this Court, reasserting his *Zadvydas* claim.